**PURSUANT TO INTERNAL REVENUE CODE SECTION 7463(b),THIS OPINION MAY NOT BE TREATED AS PRECEDENT FOR ANY OTHER CASE.**

T.C. Summary Opinion 2013-28


UNITED STATES TAX COURT


EVERARDO GARCIA, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 11987-11S.                          Filed April 3, 2013.


Everardo Garcia, pro se.

<u>Linette B. Angelastro</u> and <u>Jordan Scott Musen</u>, for respondent.


SUMMARY OPINION


PANUTHOS, <u>Chief Special Trial Judge</u>: This case was heard pursuant to

the provisions of section 7463 of the Internal Revenue Code in effect when the

petition was filed. Pursuant to section 7463(b), the decision to be entered is not

reviewable by any other court, and this opinion shall not be treated as precedent for

any other case.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code (Code) in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

In a notice of deficiency dated May 12, 2011, respondent determined a deficiency in petitioner's Federal income tax of $9,729 and a section 6662(a) accuracy-related penalty of $1,938 for tax year 2008.  After a concession,[1] the issues for decision are:  (1) whether petitioner is entitled to deductions claimed on Schedule C, Profit or Loss From Business; (2) whether petitioner is entitled to deductions claimed on Schedule E, Supplemental Income and Loss, in excess of the amounts allowed by respondent; (3) whether petitioner is subject to restrictions under section 32(k)(1)(B)(ii) from receiving an earned income tax credit for tax years 2009 and 2010; and (4) whether petitioner is liable for the accuracy-related penalty under section 6662(a).

## Background

Some of the facts have been stipulated, and we incorporate the Stipulation of Facts, Supplemental Stipulation of Facts, and the accompanying exhibits by this

---

[1]Respondent concedes that petitioner did not receive $128 of unreported income from OmniLife USA in 2008.

reference.[2]  Petitioner resided in California when his petition was filed.  Petitioner's testimony was given through an interpreter at trial.

Petitioner timely filed a joint Federal income tax return for tax year 2008.  Although petitioner filed a joint return, he was single during 2008.  Petitioner's 2008 return was prepared by JIR Business Management Service.[3]

In 2008 petitioner was self-employed as a performer in a mariachi group.  Petitioner also owned two rental properties.  One property was an apartment complex in Lompoc with four apartments (Lompoc apartment complex), and the other was a single-family residence.  Petitioner filed with his 2008 return a Schedule C on which he reported gross receipts and claimed car and truck expenses for his business activity.  Petitioner also filed a Schedule E on which he reported rental income and expenses for the two rental properties.

---

[2]Many of the documents petitioner submitted were attached as exhibits to the Supplemental Stipulation of Facts, which was filed after trial.  Respondent objected to introduction of a number of those exhibits on the grounds of relevancy, authenticity, and hearsay.  We need not and do not rule on the admissibility of those exhibits because any additional deductions we allow are not allowed on the basis of documents to which respondent objects.

[3]Respondent asserted at trial that petitioner's return preparer was under indictment for filing fraudulent returns and for identity theft.

On May 12, 2011, respondent issued a notice of deficiency to petitioner disallowing certain deductions that petitioner claimed on Schedules C and E as follows:

### Schedule C

| Expense | Amount claimed | Amount disallowed | Amount allowed |
|---|---|---|---|
| Car and truck | $8,100 | $8,100 | --- |

### Schedule E

| Expense | Amount claimed | Amount disallowed | Amount allowed |
|---|---|---|---|
| Utilities | $4,719 | $2,721 | $1,998 |
| Repairs | 3,033 | 2,134 | 899 |
| Depreciation expense or depletion | 26,908 | 22,545 | 4,363 |
| Management fees | 2,400 | 2,400 | --- |
| Legal and other professional fees | 5,890 | 5,890 | --- |

The notice of deficiency also determined that petitioner recklessly or intentionally disregarded rules and regulations when he claimed the earned income tax credit for 2008, and he is therefore subject to the restrictions in section 32(k)(1)(B)(ii) for 2009 and 2010. Respondent also determined an accuracy-related penalty under section 6662(a).

Discussion

The Commissioner's determination set forth in a notice of deficiency is presumed correct, and a taxpayer generally bears the burden of proving otherwise. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Deductions are a matter of legislative grace, and the taxpayer bears the burden of proving entitlement to any deduction claimed. Rule 142(a); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934).

Pursuant to section 7491(a), the burden of proof may shift to the Commissioner if the taxpayer produces credible evidence with respect to any relevant factual issue and meets other requirements. Petitioner does not contend that section 7491(a) shifts the burden of proof to respondent, nor does the record establish that petitioner satisfies the section 7491(a)(2) requirements.

Section 162(a) allows a deduction for ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business. In order for an expense to be "necessary", it must be "appropriate and helpful" to the taxpayer's business. Welch v. Helvering, 290 U.S. at 113. An expense will be considered "ordinary" if it is a common or frequent occurrence in the type of business in which the taxpayer is involved. Deputy v. Du Pont, 308 U.S. 488, 495 (1940). To be engaged in a trade or business, an individual must be involved in an activity with

continuity and regularity and the primary purpose for engaging in the activity must be for income or profit. Commissioner v. Groetzinger, 480 U.S. 23, 35 (1987).

Taxpayers must keep sufficient records to substantiate any deductions claimed. Sec. 6001. As a general rule, if the trial record provides sufficient evidence that the taxpayer has incurred a deductible expense but the taxpayer is unable to adequately substantiate the precise amount of the deduction to which he is otherwise entitled, the Court may estimate the amount of the deductible expense and allow the deduction to that extent, bearing heavily against the taxpayer whose inexactitude in substantiating the amount of the expense is of his own making. Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930). We cannot estimate the amount, however, unless the taxpayer proves that he or she paid or incurred some deductible expense and provides some basis from which we can develop a reasonable estimate. Williams v. United States, 245 F.2d 559, 560 (5th Cir. 1957).

In the case of expenses paid or incurred with respect to listed property, e.g., passenger automobiles or other property used as a means of transportation, section 274(d) overrides the Cohan doctrine and provides that these expenses are deductible only if the taxpayer meets stringent substantiation requirements. Secs. 274(d),

280F(d)(4); see Lewis v. Commissioner, 560 F.2d 973, 977 (9th Cir. 1977), rev'g on other grounds T.C. Memo. 1974-59; Sanford v. Commissioner, 50 T.C. 823, 827-828 (1968), aff'd per curiam, 412 F.2d 201 (2d Cir. 1969); sec. 1.274-5T(a), Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985).

I.      Schedule C Car and Truck Expenses

Petitioner claimed, and respondent disallowed, a deduction for Schedule C car and truck expenses of $8,100. Petitioner submitted a document titled "Mileage Travel" to substantiate the amount claimed on his Schedule C; but when he was asked at trial about the amount of car and truck expenses he claimed, petitioner stated: "I have no idea."

Passenger automobiles are "listed property" under section 280F(d)(4). Section 274(d) disallows any deduction with respect to listed property unless the taxpayer adequately substantiates: (1) the amount of the expense, (2) the time and place of the travel or use of the property, (3) the business purpose of the expense, and (4) the business relationship of the persons using the property.

Although petitioner introduced a mileage log to document the amount of travel, he did not introduce evidence of the business purposes for which he used the vehicle. We find that petitioner has not satisfied the strict substantiation

requirements of section 274(d), and we conclude that he is not entitled to any deduction for car and truck expenses for 2008.

II.     Schedule E Deductions

A.     Utilities

Petitioner claimed a deduction of $4,719 for utilities related to the Lompoc apartment complex, and respondent disallowed $2,721 of that amount. Petitioner testified that he had all the receipts to substantiate the claimed deduction, but he was uncertain whether he submitted all of the receipts as exhibits. He provided copies of utility bills, canceled checks, and bank statements to substantiate his claimed deduction for utility expenses.

Many of the receipts that petitioner submitted to substantiate his deduction duplicated amounts respondent previously allowed. Respondent allowed a $1,998 deduction for utility expenses, which corresponds to the City of Lompoc utility bills attached to the Stipulation of Facts as pages 9 through 20 of Exhibit 18-P.

In addition to the amounts respondent already allowed, petitioner submitted documents that substantiate a portion of the disallowed deduction for utility expenses. Petitioner established that he paid an additional $159.10 for utilities to the City of Lompoc, which petitioner was billed for on November 14, 2007, but did not pay until January 9, 2008.

Petitioner also substantiated utility payments made to the Southern California Gas Co. Petitioner submitted a gas bill dated October 19, 2007, for the Lompoc apartment complex. Although that bill does not relate to the year at issue, it does provide the account number that corresponds to the Lompoc apartment complex. The bank statements and canceled checks that petitioner submitted establish that petitioner paid $1,610.54 to the Southern California Gas Co. in 2008.

On the basis of the documents petitioner submitted to substantiate his claimed deduction for utility expenses, petitioner is entitled to an additional $1,770 deduction for utility expenses above the $1,998 respondent allowed for 2008.

B. Repairs

Petitioner claimed a deduction of $3,033 for repairs related to the Lompoc apartment complex, and respondent disallowed $2,134 of that amount. To substantiate the deduction he claimed, petitioner submitted plumbing bills from W.M. Rieck Plumbing, bank statements, and copies of canceled checks. Respondent allowed a deduction of $899 for repairs, and some of the plumbing bills that petitioner submitted duplicated the amount already allowed.

In addition to the amounts respondent already allowed, petitioner submitted documents that substantiate a portion of the disallowed deduction for repairs. Petitioner established that he paid an additional $156.96 to W.M. Rieck Plumbing on January 8, 2008, for which he is entitled to a deduction. Petitioner's documents also established that he made payments totaling $938.45 in 2008 to Mid-Coast Glass Co., Home Depot, and Ace Hardware and for pest control services. Petitioner did not testify about these amounts, and it is not clear from the substantiating documents that these expenses related solely to the Lompoc apartment complex. It is clear from the record that petitioner did incur repair expenses for the Lompoc apartment complex, and we find that most of these payments related to the Lompoc apartment complex. Using our best judgment we estimate that petitioner is entitled to additional deductions of $157 for the plumbing expense and $626 for the remaining repairs, for a total deduction of $783 above the $899 respondent allowed for 2008.

C.    Schedule E Depreciation

Petitioner claimed $26,908 in depreciation deductions for both the Lompoc apartment complex and the single-family rental home in 2008. Of that amount, $22,545 was for the Lompoc apartment complex. The amount was determined by using the straight-line method, a cost basis of $620,000, and a recovery period of

27.5 years. Respondent disallowed the $22,545 depreciation deduction for the Lompoc apartment complex and contends that petitioner did not establish the cost or other basis of the building or that it is depreciable.

A taxpayer is allowed to deduct a reasonable allowance for the exhaustion and wear and tear of property used in a trade or business or held for the production of income. Sec. 167(a). Pursuant to section 168(a), the depreciation deduction for any tangible property is generally determined by using the applicable depreciation method, the applicable convention, and the applicable recovery period. The period for depreciation of an asset begins when the asset is first placed into service. Sec. 1.167(a)-10(b), Income Tax Regs.

Generally, depreciation is computed by using the cost of the property as its basis. Secs. 167(c), 1011, 1012; sec. 1.167(g)-1, Income Tax Regs. If depreciable property and nondepreciable property such as real property with improvements are bought for a lump sum, the cost must be apportioned between the land and the improvements. United States v. Hill, 506 U.S. 546, 559 (1993); sec. 1.167(a)-5, Income Tax Regs. Under section 1.167(a)-5, Income Tax Regs., the depreciation allowance must be based on the proportionate value of the building in relation to that of the land at the time of acquisition.

To establish the basis for the disallowed portion of his claimed depreciation deduction relating to the Lompoc apartment complex, petitioner submitted a Buyer's Estimated Settlement Statement, an Asset Life History worksheet, and an Asset Entry Worksheet. The estimated settlement statement is dated March 1, 2007, provides an estimated closing date of March 6, 2007, for petitioner's purchase of the Lompoc apartment complex, and lists the purchase price as $620,000. The Asset Life History worksheet uses $620,000 as petitioner's basis in the property to calculate the yearly allowable depreciation, and the Asset Entry Worksheet states that 100% of the property is used for business.

There is nothing in the record that apportions the $620,000 purchase price for the Lompoc apartment complex between the land and the improvements at the time of acquisition. Petitioner has not established that he is entitled to a depreciation deduction under section 167, nor has he provided us a basis on which we might estimate the claimed depreciation expense attributable to the Lompoc apartment complex. See Cohan v. Commissioner, 39 F.2d at 543-544. Accordingly, we sustain respondent's determination that petitioner is not entitled to a depreciation deduction in excess of that already allowed with respect to the 2008 taxable year.

D.     Schedule E Management Fees

Petitioner claimed, and respondent disallowed, a $2,400 deduction for management fees for the Lompoc apartment complex.  Petitioner did not provide any receipts to substantiate the management fees, but he credibly testified that he paid the manager $200 in cash per month.  We allow petitioner the $2,400 deduction on the basis of his testimony.

E.     Schedule E Legal and Other Professional Fees

Petitioner claimed, and respondent disallowed, a $5,890 deduction for legal and other professional fees for the Lompoc apartment complex.  When petitioner was questioned about the deduction, he said:  "I don't know what that might be.  I have no idea."  Petitioner submitted several documents to try to substantiate the deduction.  Among the documents are a retainer agreement between petitioner and Consumer Protection Legal Services, Inc., dated June 12, 2009, and a copy of a check dated November 27, 2007 for $200, payable to First Housing of America.  Petitioner also submitted copies of two additional checks payable to First Housing of America, dated February 12 and April 9, 2008, for $1,595 and $1,795, respectively, and a check dated December 2, 2008, for $2,000, payable to Gary Lane.

Petitioner may have incurred legal and other professional fees during 2008 in relation to the Lompoc apartment complex, but his testimony and the documents submitted do not provide a basis to estimate the claimed expense. See Cohan v. Commissioner, 39 F.2d at 543-544. Some of the documents relate to years other than 2008, and the documents that do relate to 2008 do not establish that the amounts paid were for legal or other professional fees. We sustain respondent's determination disallowing the deduction for legal and other professional fees.

## III. Earned Income Tax Credit

The notice of deficiency determined on the basis of the adjustments respondent made to petitioner's earned income that petitioner was not entitled to the earned income tax credit (EITC). The notice of deficiency also determined that petitioner's claim of the EITC for 2008 was due to reckless or intentional disregard of the rules or regulations and is thus restricted under section 32(k)(1)(B)(ii).

### A. Denial of EITC Under Section 32(i)

Section 32(a) provides a credit in "an amount equal to the credit percentage of so much of the taxpayer's earned income * * * as does not exceed the earned income amount." Section 32(i)(1), however, provides that "[n]o credit shall be allowed under subsection (a) for the taxable year if the aggregate amount of

disqualified income of the taxpayer for the taxable year exceeds $2,200." This amount is increased for inflation under section 32(j). "Disqualified income" includes gross income from rent over the sum of the deductions allocable to that gross income. Sec. 32(i)(2)(C).

Petitioner reported income of $2,946 on his Schedule E for 2008. This amount did not exceed the allowable amount of disqualified income for tax year 2008. See sec. 32(i) and (j). Respondent, in the notice of deficiency, determined that petitioner was not entitled to certain deductions claimed on his 2008 Schedule E. Even after the additional deductions that we have allowed, petitioner's disqualified income exceeds the allowable amount for tax year 2008. See id. Accordingly, petitioner is not entitled to the EITC claimed for tax year 2008.

B.  Section 32(k)(1)(B)(ii) Restriction

Section 32(k)(1)(B)(ii) disallows the EITC for

the period of 2 taxable years after the most recent taxable year for which there was a final determination that the taxpayer's claim of credit under this section was due to reckless or intentional disregard of rules and regulations (but not due to fraud).

The EITC petitioner claimed on his 2008 return was determined in the notice of deficiency to be due to petitioner's "reckless or intentional disregard of the rules and regulations regarding the earned income tax credit under Internal Revenue Code

section 32(k)(1)(B)(ii)." Respondent further asserted at trial that petitioner recklessly or intentionally disregarded the rules and regulations because respondent "think[s] what happened is [petitioner] went to a return preparer who essentially disregarded the tax law in the preparation of the return because normal software would have kicked out if you had Schedule E income that high."

Though petitioner was unable to substantiate all of the disallowed deductions, he did establish that he was entitled to deductions greater than respondent allowed and provided credible testimony that he wanted to cooperate and did not understand his return preparer's legal problems. Although petitioner is not entitled to the EITC for 2008 because of the adjustments to his earned income, we are satisfied that petitioner's claim of the EITC for tax year 2008 was not due to a reckless or intentional disregard of rules and regulations. Thus, petitioner is not subject to the restriction under section 32(k)(1)(B)(ii) for 2009 and 2010.

IV. Accuracy-Related Penalty

Section 6662(a) and (b)(1) and (2) imposes a penalty of 20% of the portion of an underpayment of tax attributable to the taxpayer's negligence, disregard of rules or regulations, or substantial understatement of income tax. "Negligence" includes any failure to make a reasonable attempt to comply with the Code, including any

failure to keep adequate books and records or to substantiate items properly. See sec. 6662(c); sec. 1.6662-3(b)(1), Income Tax Regs. A "substantial understatement" includes an understatement of income tax that exceeds the greater of 10% of the tax required to be shown on the return or $5,000. See sec. 6662(d); sec. 1.6662-4(b), Income Tax Regs.

With respect to a taxpayer's liability for any penalty, section 7491(c) places on the Commissioner the burden of production, thereby requiring the Commissioner to come forward with sufficient evidence indicating that it is appropriate to impose the penalty. Higbee v. Commissioner, 116 T.C. 438, 446-447 (2001). Once the Commissioner meets his burden of production, the taxpayer must come forward with persuasive evidence that the Commissioner's determination is incorrect. See id. at 447; see also Rule 142(a); Welch v. Helvering, 290 U.S. at 115.

Petitioner claimed some deductions on his 2008 return that he is unable to substantiate. Furthermore, the underpayment of tax required to be shown on his return is a substantial understatement of income tax because the understatement exceeds $5,000, which is greater than 10% of the tax required to be shown on the return. See sec. 6662(b)(2), (d)(1); sec. 1.6662-3(b)(1), Income Tax Regs. Respondent's burden of production under section 7491(c) has been satisfied.

The section 6662(a) accuracy-related penalty does not apply with respect to any portion of an underpayment if the taxpayer proves that there was reasonable cause for such portion and that he acted in good faith with respect thereto. Sec. 6664(c)(1). The determination of whether a taxpayer acted with reasonable cause and in good faith depends on the pertinent facts and circumstances, including the taxpayer's efforts to assess the proper tax liability; the knowledge and the experience of the taxpayer; and the reliance on the advice of a professional, such as an accountant. Sec. 1.6664-4(b)(1), Income Tax Regs. Reliance upon expert advice will not exculpate a taxpayer who supplies the return preparer with incomplete or inaccurate information. Lester Lumber Co. v. Commissioner, 14 T.C. 255, 263 (1950). Reliance on a preparer or software is not reasonable where even a cursory review of the return would reveal inaccurate entries. See Pratt v. Commissioner, T.C. Memo. 2002-279.

The underpayment at issue is attributable to the Schedule C and E adjustments that respondent made. We are satisfied that petitioner, whose command of the English language is limited, made a good-faith effort to properly determine his 2008 Federal income tax liability and that the underpayment results from reliance on the advice of a return preparer, combined with an honest misunderstanding of fact or law that is reasonable in the light of his experience and

knowledge.  Accordingly, we hold that petitioner is not liable for the section

6662(a) accuracy-related penalty for 2008.

To reflect the foregoing,

<u>Decision will be entered under</u>

<u>Rule 155</u>.